GUSTAVE LEVENTHAL, Respondent, *v.* NORTH BRITISH AND MERCANTILE INSURANCE COMPANY and Others, Defendants, Impleaded with LEO LEVY, Appellant.

First Department, February 7, 1919.

**Malicious prosecution — pleading — complaint not stating cause of action — assignment of claim.**

Action for alleged malicious prosecution, the plaintiff having been convicted and sentenced for the crime of violating section 1202 of the Penal Law relating to the presentation of false proofs of loss in support of a claim

upon a policy of insurance. *Held*, that the defendants' motion for judgment on the pleadings should be granted in that the allegations of the complaint contain no statement of any act of the defendants making them liable to any one, they merely having defended a suit against them brought by the plaintiff's wife as assignee, which suit is not yet determined.

*Held further*, that if any cause of action could be predicated upon the acts complained of it belonged to the plaintiff's wife to whom he had assigned.

Appeal by the defendant, Leo Levy, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of June, 1918, as denies in part his motion for judgment on the pleadings consisting of a complaint, answer and reply.

*Leo Levy* of counsel [*Edward C. Schiffmacher* with him on the brief], for the appellant.

*Lucille Pugh*, for the respondent.

Dowling, J.:

The complaint herein is filled with redundant, irrelevant and scandalous matter. But essentially it seeks to set forth a cause of action for malicious prosecution, in which the defendants are claimed to have conspired to bring about plaintiff's arrest and prosecution on a charge of having violated section 1202 of the Penal Law, relating to the presentation of false proofs of loss in support of a claim upon a policy of insurance. The first thirty-six paragraphs of the complaint are devoted to the recital of the circumstances attending this criminal prosecution, which resulted in plaintiff's conviction of the offense charged, which conviction was unanimously affirmed by this court. (*People* v. *Leventhal*, 162 App. Div. 903.) The conviction was had May 7, 1913, and plaintiff was sentenced to a term in State's prison of not less than one year, nor more than two years, and upon his release he made a motion for a new trial upon the ground of newly-discovered evidence, which was denied. (N. Y. L. J., Dec. 7, 1914.) So much of the complaint as attempted to set forth a cause of action based on the criminal proceedings against plaintiff has been dismissed, on the ground that the action being for malicious prosecution, was barred by the Statute of Limitations. The court, however, denied the motion for judgment

in so far as it applied to paragraphs 37, 38, 39, 41, 42 and 44 of the complaint, holding that the statute did not apply to the acts therein alleged, as they had taken place within two years prior to the commencement of the action. By these paragraphs it is alleged that during plaintiff's incarceration in State's prison he assigned his cause of action against the insurers on the policies of insurance in question to his wife, Jennie Leventhal; that action was commenced by her thereon; that upon a trial in the City Court, verdicts were rendered in favor of her for the full amount claimed; that defendants did not call eighteen witnesses to the stand on those trials, although they had testified in the criminal trial and were actually in court; that in his opening to the jury counsel for said Jennie Leventhal stated that he intended to prove that this plaintiff's conviction had been obtained fraudulently; that the attorney for the insurers, after setting up the conviction of plaintiff as a defense, refused to offer the record of the criminal trial in evidence; that the trial justice set aside the verdicts as being against the weight of evidence, and due to passion, prejudice or favor, and granted new trials; that on appeals taken to the Appellate Term said orders were reversed and the verdict reinstated; that on appeal to this court the determination of the Appellate Term was reversed on the ground that it did not appear that the discretion of the Trial Term was abused. (182 App. Div. 887.) We are of the opinion that these allegations of the complaint set forth no cause of action. Standing by themselves, they contain no statement of any act of defendants making them liable to any one. It affirmatively appears that the actions brought in the City Court are still undetermined. All that defendants have done, so far as these paragraphs show, is to protect their legal rights by defending a suit against them, in which so far their responsibility has not been established. Furthermore, if any cause of action could be predicated upon the acts complained of, it would not exist in favor of plaintiff, who had assigned the cause of action upon the policies to his wife, but to said wife, in whose name the action was brought and who still is the assignee and owner of such causes of action.

The order appealed from, in so far as it denies in part the defendant's motion for judgment on the pleadings, should be

reversed and said motion granted in its entirety, with ten dollars costs and disbursements to appellant.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Order, in so far as it denies in part defendant's motion for judgment on the pleadings, reversed, with ten dollars costs and disbursements, and motion granted in its entirety.